# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN ANTHONY RAMOS-RAMIREZ, | No. 4:17-CV-01442 |
| Plaintiff, | (Judge Brann) |
| v. | |
| BERWICK BOROUGH, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 22, 2019

Defendants Berwick Borough, Chief of Police Kenneth Strish, Police Officer Reagan Rafferty and Police Officer Randy Gauger have moved for summary judgment on Plaintiff Edwin Anthony Ramos-Ramirez's complaint. For the following reasons, that motion will be granted.

## I.    BACKGROUND

Chief Strish, Officer Rafferty, and Officer Gaugler were dispatched to respond to a domestic dispute involving Mr. Ramos-Ramirez and another individual.[1] The dispute took place outside of the home occupied by Mr. Ramos-Ramirez's girlfriend, and the officers were alerted that a knife was involved.[2]

---

[1]    Defendants' SOF (ECF No. 28) at ¶ 2, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 2.

[2]    Defendants' SOF (ECF No. 28) at ¶ 2, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 2.

Upon arriving at the girlfriend's residence, Officer Rafferty observed two males including Mr. Ramos-Ramirez, who was holding a knife.[3] Officer Rafferty instructed Mr. Ramos-Ramirez to drop the knife, but Mr. Ramos-Ramirez did not comply.[4] While Mr. Ramos-Ramirez still held the knife, Officer Rafferty shot Mr. Ramos-Ramirez once, believing that Mr. Ramos-Ramirez posed an imminent danger to the other individual because Mr. Ramos-Ramirez ignored commands to drop the knife and continued to chase the other individual with it.[5] After the incident, the Pennsylvania State Police and Columbia County District Attorney's Office investigated Officer Rafferty's actions and concluded that he was justified in using deadly force.[6] Mr. Ramos-Ramirez later pleaded guilty to simple assault with a deadly weapon, admitting at the guilty plea hearing that he attempted "to cause bodily injury to the victim … using a deadly weapon, namely a knife, by chasing him with said knife."[7]

Mr. Ramos-Ramirez now contends that he was subjected to constitutionally excessive force when he was shot by Officer Rafferty. Mr. Ramos-Ramirez explains that he never heard Officer Rafferty's order to drop the knife, that he was

---

[3]  Defendants' SOF (ECF No. 28) at ¶ 3, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 3.

[4]  Defendants' SOF (ECF No. 28) at ¶ 4, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 4.

[5]  Defendants' SOF (ECF No. 28) at ¶ 6-8, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 6-8.

[6]  Defendants' SOF (ECF No. 28) at ¶ 10, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 10.

[7]  Defendants' Exhibit "K" (ECF No. 28-11) at 4; see also Defendants' SOF (ECF No. 28) at ¶ 11-12, *admitted* in Plaintiff's SOF (ECF No. 28) at ¶ 11-12.

not chasing anyone with a knife, and that he did not pose a danger to anyone on scene.[8] In short, Mr. Ramos-Ramirez says he was acting "peacefully."[9]

Mr. Ramos-Ramirez commenced the instant action alleging *Monell* claims against Berwick Borough and Chief Strish (Count I), an excessive force claim under 42 U.S.C. § 1983 against Officer Rafferty (Count II), a civil rights conspiracy claim against Chief Strish, Officer Rafferty, and Officer Gauger (Count III) and various state law tort claims against Officer Rafferty (Count IV).[10] Defendants presently move for summary judgment on all counts of Mr. Ramos-Ramirez's complaint.[11]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the

---

[8] Brief in Opposition (ECF No. 36) at 11-12.

[9] *Id.* at 26.

[10] Complaint (ECF No. 1).

[11] Motion for Summary Judgment (ECF No. 27). Mr. Ramos-Ramirez consents to dismissal of his conspiracy claim. Brief in Opposition (ECF No. 36) at 9.

[12] Federal Rule of Civil Procedure 56(a).

case."[13] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[14] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[15]

### B. Excessive Force Claim

Mr. Ramos-Ramirez argues that Officer Rafferty used excessive force by shooting Mr. Ramos-Ramirez.[16]

In *Heck v. Humphrey*,[17] the Supreme Court held that if a favorable judgment on a § 1983 claim would "necessarily imply the invalidity" of the plaintiff's conviction or sentence, the plaintiff's claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[18] To determine whether the *Heck* bar applies, courts have compared the conduct supporting a plaintiff's conviction with the allegations made in the § 1983 action.[19]

---

[13] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

[14] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[16] Although Mr. Ramos-Ramirez's complaint alleges constitutional injury under the Fourth and Fourteenth Amendments, *see* Complaint (ECF No. 1) at ¶ 46-47, excessive force claims are analyzed under the Fourth Amendment, not under the substantive due process framework of the Fourteenth Amendment. *See Graham v. Connor,* 490 U.S. 386, 393–95 (1989).

[17] 512 U.S. 477, (1994).

[18] *Id.* at 486–87.

[19] *See, e.g.*, *Garrison v. Porch*, 376 Fed. Appx. 274, 278-79 (3d Cir. 2010); *Nicholson v. Kober*, No. 05-1212, 2007 WL 2011549 (W.D.Pa. July 06, 2007).

Here, Mr. Ramos-Ramirez pleaded guilty to simple assault with a deadly weapon. A person commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."[20] A deadly weapon is either an object like a knife "for the infliction of serious bodily injury which serves no common lawful purpose,"[21] or "[a]ny device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual."[22] Consequently, Mr. Ramos-Ramirez pleaded guilty to attempting to cause bodily injury to his victim with a deadly weapon. During Mr. Ramos-Ramirez's guilty plea hearing in state court, Mr. Ramos-Ramirez twice admitted to chasing the victim with a knife in an attempt to cause bodily injury to him:

> [Court]: The allegation of Count Five shall be that on August 15, 2015, the Defendant did attempt to cause or intentionally, knowingly, or recklessly caused bodily injury to another person, specifically Alfredo Melendez, and in doing so the Defendant did chase Mr. Melendez with a knife and attempt to cause bodily injury to Mr. Melendez….[I]s if your desire to plea guilty to this simple assault charge we just added?
>
> [Ramos-Ramirez]: Yes, your Honor.

---

[20] 18 Pa.C.S.A. 2701(a)(1).

[21] 18 Pa.C.S. § 913; *see also* 204 Pa. Code 303.10(a)(1)(ii) (explaining that the deadly weapon enhancement includes any dangerous weapon defined in 18 Pa.C.S. § 913)

[22] 204 Pa. Code 303.10(a)(1)(iii).

[Court:] Every crime has elements. The elements of this kind of simple assault is that you attempted to cause bodily injury to another person, and in this particular case with a deadly weapon, specifically a knife. Do you understand those elements?

[Ramos-Ramirez]: Yes, your Honor.

[Court]: Those are the elements of the offense. Factually, [the prosecutor] is going to recite some facts. I want you to listen to those. When he is done I am going to ask you if the facts are true.

[Prosecutor]: Thank you, your Honor. It is alleged that on or about the 15th day of August, 2015, in the Borough of Berwick, the Defendant did attempt to cause bodily injury to the victim … using a deadly weapon, namely a knife, by chasing him with said knife.

[Court]: Are those facts true, Sir?

[Ramos-Ramirez]: Yes, your Honor.[23]

Mr. Ramos-Ramirez's plea is incompatible with his §1983 claim. Importantly, Mr. Ramos-Ramirez does not argue that even if he were chasing his victim with a knife, Officer Rafferty's force was unreasonable; rather, Mr. Ramos-Ramirez argues that Officer Rafferty's decision to shoot was unreasonable because Mr. Ramos-Ramirez wasn't chasing his victim at all. That is, Mr. Ramos-Ramirez claims that he acted "peacefully," was not chasing the victim, did not make any threatening movements toward him, and could not have harmed the victim at the

---

[23] Defendants' Exhibit K (ECF No. 28-11) at 3-5.

time he was shot by Officer Rafferty.[24] In other words, Mr. Ramos-Ramirez believes did nothing wrong.[25]

This version of events could not sustain the elements of simple assault with a deadly weapon under Pennsylvania law. Accepting the conclusion that Mr. Ramos-Ramirez's did not present imminent harm to the victim would necessarily imply the invalidity of Mr. Ramos-Ramirez's underlying conviction predicated on the fact that Mr. Ramos-Ramirez was chasing his victim with a knife.[26] Therefore,

---

[24] Brief in Opposition (ECF No. 36) at 19-20, 26 *see also Kopec v. Tate,* 361 F.3d 772, 776–77 (3d Cir. 2004) (citing *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)) (explaining that to succeed on an excessive force claim, the defendant must be found to have acted unreasonably in light of the circumstances).

[25] Brief in Opposition (ECF No. 36) at 26.

[26] *Compare Garrison v. Porch*, 376 Fed.Appx. 274, 278-79 (3d Cir. 2010) (reversing district court and concluding that excessive force claim was not Heck-barred because there was "no logical inconsistency" between the assertion that the defendant acted in a threatening manner, and committed simple assault, and the assertion that the officer responded by using an excessive level of force by "flinging him to the ground and jumping on top of him, fracturing his vertebrae"), *Scutella v. City of Erie Bureau of Police*, No. 11–198E, 2014 WL 5425626, at *6 (W.D.Pa. Aoct. 22, 2014) (concluding that a § 1983 excessive force claim was not *Heck* barred "because a jury could accept the Defendants' recitation of the facts [which are the facts to which Plaintiff pleaded guilty] except as to the amount of force used by the officers during the arrest [which was not part of the facts to which Plaintiff pleaded guilty] and still find" in plaintiff's favor on § 1983 excessive force claim), *with Jennings v. Fetterman*, 197 Fed. Appx. 162, 164 (3d Cir. 2006) (affirming district court's conclusion that excessive force claims were *Heck*-barred when court concluded that a judgment in favor of plaintiff would contradict a finding upon which conviction was predicated); *Lucier v. City of Ecorse*, 601 Fed. Appx. 372, 377 (6th Cir. 2015) (concluding that plaintiff's excessive force claims were not *Heck*-barred in part because record in § 1983 action did not contradict his guilty plea when factual basis for that plea was not specified); *Rosembert v. Borough of East Landsdowne*, 14 F.Supp.3d 631, 641 (E.D.Pa. 2014) (finding claims *Heck*-barred by explaining that for a plaintiff who had plead guilty to DUI to succeed on claims for unlawful search and false arrest requires a finding that plaintiff was searched or arrested without probable cause, which in turn would have likely resulted in the suppression of his blood alcohol level, which would necessarily implicate the invalidity of his DUI conviction); Havens v. Johnson, 783 F.3d 776, 783-84 (10th Cir. 2015) ("Because [the plaintiff's] only

a favorable judgment on Mr. Ramos-Ramirez's excessive force claim requires a finding that Officer Rafferty acted unreasonably in believing deadly force was necessary to prevent death or serious physical injury to the victim—that is, a finding that Mr. Ramos-Ramirez was not attempting to cause bodily injury to the victim at the time Office Rafferty shot Mr. Ramos-Ramirez—and such a finding necessarily implies the invalidity of Mr. Ramos-Ramirez's conviction.[27]

Accordingly, because Mr. Ramos-Ramirez also has not demonstrated that his simple assault with a deadly weapon conviction or sentence has been invalidated, and because a favorable judgment on Mr. Ramos-Ramirez's excessive force claim necessarily implies the invalidity of his underlying conviction for simple assault with a deadly weapon, his excessive force claim is barred by *Heck* and will be dismissed.[28]

---

theory of relief [in alleging an excessive force claim] is based on his innocence, and this theory is barred by *Heck,* we affirm the district court's grant of summary judgment.").

[27] *Tennessee v. Garner,* 471 U.S. 1, 3 (1985); *Abraham v. Raso*, 183 F.3d 279, 289 (3d Cir. 1999); see also *Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that totality-of-the-circumstances inquiry is judged from the perspective of a reasonable officer on the scene); id. (explaining that "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"); *Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir. 1997) (explaining that relevant facts include "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time").

[28] When a district court dismisses a claim pursuant to *Heck*, the dismissal is without prejudice to plaintiff refiling his claim at such time that *Heck*'s mandate is satisfied—that is, when the plaintiff can demonstrate that the conviction or sentence has been invalidated. *See Schreanne v. Marr*, 722 Fed.Appx. 160, 166 (3d Cir. 2018).

### C. *Monell* Claim

Because Mr. Ramos-Ramirez's excessive force claims fails, Mr. Ramos-Ramirez's cannot allege any viable constitutional violation to support his *Monell* claim, entitling Defendants to summary judgment.[29]

### D. State Law Claims

In his complaint, Mr. Ramos-Ramirez's "fourth cause of action" alleges claims of "assault and battery, intentional infliction of emotional distress, interference with State and Constitutional rights, negligence, and gross negligence" against Officer Rafferty.[30]

Mr. Ramos-Ramirez's state law claims fail for three reasons. First, to the extent Mr. Ramos-Ramirez's state law claims are based on negligence, those claims, as Mr. Ramos-Ramirez acknowledges,[31] are barred by the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), which shields certain municipal employees from liability for negligent acts with few exceptions not applicable here.[32]

---

[29] *See, e.g.*, *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n. 15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.").

[30] Complaint (ECF No. 1) at 8.

[31] Brief in Opposition (ECF No. 36) at 24.

[32] 42 Pa. Const. Stat. Ann. §§ 8541-8564.

Second, to the extent Mr. Ramos-Ramirez's state law claims are based on intentional torts outside the PSTCA's protection, those claims also fail as a matter of law. Officer Rafferty would not enjoy PSTCA immunity if his conduct involved "actual malice" or "willful misconduct" amounting to an intentional tort.[33] But here, even if I were to conclude in Mr. Ramos-Ramirez's favor that the force Officer Rafferty used was excessive, Mr. Ramos-Ramirez does not point to evidence in the record that Officer Rafferty's knew the force was excessive and decided to shoot Mr. Ramos-Ramirez anyway.[34]

Third, to the extent Mr. Ramos-Ramirez's asserts that he was not chasing his victim with a knife, that assertion cannot sustain his state law claims. As explained above, that assertion challenges the facts forming the basis of Mr. Ramos-Ramirez's guilty plea, and such an effort, which amounts to a collateral attack on his state conviction, has been forbidden by Pennsylvania courts[35] and also raises

---

[33] *Id.* § 8550; *Pettit v. Namie*, 931 A.2d 790, 801 (Pa. 2007).

[34] *See Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994) (explaining that even a jury determination that an officer has committed an intentional tort does not necessarily mean that the actions constituted willful misconduct and that willful misconduct requires proof that an officer subjectively intended to do something which he knew was wrongful); *In re City of Philadelphia Litigation*, 938 F. Supp. 1264, 1271 (E.D. Pa. 1996) (explaining that willful misconduct can include using excessive force in an arrest when the arresting officer knows the force used is excessive); *Fullard v. City of Philadelphia*, No. 95-4949, 1996 WL 195388 at *5-6 (E.D. Pa. Apr. 22, 1996) (granting summary judgment in favor of the city officers because the plaintiffs could not produce sufficient evidence that the defendants knew that what they were doing was unlawful).

[35] *See Commonwealth v. Bursick*, 584 A.2d 291, 294 (Pa. 1990) (explaining that when plaintiff's license was suspended because of poor driving, it was "not proper" for plaintiff "to impugn the validity of the criminal conviction upon which DOT based the license

concerns of estoppel.[36] In sum, this Court "cannot entertain arguments in a collateral civil proceeding that attack the validity of the underlying criminal conviction."[37]

Accordingly, Officer Rafferty is entitled to summary judgment on Mr. Ramos-Ramirez's state law claims.

---

suspension" in a collateral civil proceeding); *accord Rosembert v. Borough of East Landsdowne*, 14 F.Supp.3d 631, 641 (E.D.Pa. 2014) (dismissing state law malicious prosecution claim in part because "a finding that Plaintiff was maliciously prosecuted would necessarily imply the invalidity of his conviction, which is prohibited by the Supreme Court's ruling in *Heck*").

[36] *See Woolston v. Cutting*, 474 A.2d 698, 700 (Pa. Commw. 1984) (explaining that res judicata would prevent plaintiff from advancing civil cause of action because it would be a collateral attack on his criminal conviction) (citing *In Interest of Ryan,* 419 A.2d 1224 (Pa. Super. 1980)); *Domitrovich v. Monaca*, No. 2:08cv1094, 2010 WL 3489137, at *5 (W.D.Pa. Sept. 1, 2010) ("[A] plaintiff is collaterally estopped from denying the facts of which he or she was accused and which formed the factual basis for the entry of a prior guilty plea."); *Cole v. Mistick*, No. 05–1476, 2009 WL 1160962, at 9-11, 16 (W.D.Pa. Apr. 28, 2009) (applying doctrines of judicial and collateral estoppel to bar plaintiff from contradicting facts that formed basis of guilty plea).

[37] *Lesko v. Com. of Pa., Dept. of Transp., Bureau of Driver Licensing*, 657 A.2d 1007, 1010 (Pa. Commw. 1995) (citing *Bursick*, 584 A.2d at 291); *see also Com., Dept. of Transp. v. Mitchell*, 535 A.2d 581, 585 (Pa. 1987) (concluding that summary judgment may be granted in a civil proceeding based upon a guilty plea in a criminal case if the operative facts in the criminal case are identical to those that would be litigated in a civil case); *see also Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) (holding that district court did not err in applying Florida law to rule that "collateral estoppel prevented [the plaintiff] from introducing and arguing facts inconsistent with his guilty plea").

## III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment will be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge